**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY**

v.

**NEVILLE CHEMICAL COMPANY**

v.

**HARTFORD ACCIDENT AND INDEMNITY CO., National Union Fire Insurance Co. of Pittsburgh, Pa., Third Party Defendants.**

Civ. A. No. 84–1614.

United States District Court, W.D. Pennsylvania.

Jan. 7, 1987.

Richard J. Federowicz, Pittsburgh, Pa., Louis G. Corsi, New York City, for plaintiff.

William J. Pesce and John McN. Cramer, Pittsburgh, Pa., for Neville Chemical Co.

Gerard J. Cipriani, Pittsburgh, Pa., for Nat. Union Fire Ins. Co.

Richard W. DiBella, Pittsburgh, Pa., for Hartford Acc. and Indem. Co.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Plaintiff, American Mutual Liability Insurance Company, was the liability insurer of defendant, Neville Chemical Company, from January 1, 1971 to January 1, 1977. Plaintiff brings this action for additional premiums of $140,951.00 predicated on a retrospective rate adjustment, $28,670.00 in estimated dividends which were cancelled as a result of Neville's failure to pay premiums, plus interest, costs and attorney's fees.

Neville denies that it owes American Mutual any sum and defendant has filed a counterclaim for legal expenses incurred when American Mutual allegedly failed to properly assume the legal defense of Neville in two pending state court actions brought by the Municipal Authority of the Borough of West View, alleging chemical pollution of ground water by Neville.

Neville amended its answer and counterclaim and among other allegations and requests, demanded a judgment declaring that American Mutual has a duty to defend and indemnify Neville in the two cases brought by West View.

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, American Mutual was granted leave to commence a third party action against two other insurers of Neville, alleging that in the event plaintiff is held to have a duty to defend and indemnify Neville or found liable for damages, plaintiff is entitled to indemnification, contribution, subrogation or apportionment from the other two insurers. American Mutual thereafter filed a third party complaint.

Plaintiff has now moved for partial summary judgment pursuant to Rule 56 on the issues of its alleged duty to defend and indemnify Neville against the suits brought by West View. The question before this court is whether there exists any genuine issue of material fact regarding the duty to defend and indemnify. We hold that there are no claims asserted by West View that potentially fall within the policy coverage. American Mutual has no duty to defend or indemnify Neville. There being no genuine issue of any material fact, plaintiff's motion for partial summary judgment will be granted.

### History of Case

Neville owns, operates and maintains a chemical manufacturing facility on Neville

Island, Allegheny County, Pennsylvania. West View owns 44 acres on Neville Island on which it drills water for consumption by its customers. Prior to 1964, Neville erected a non-impermeable, 140,000 square foot, unlined pit, known as a "lagoon," in which it allegedly dumped "inadequately treated, liquid organic chemicals and other hazardous industrial waste materials." Complaints at ¶¶ 8, *The Municipal Authority of the Borough of West View v. Neville Chemical Company*, Nos. GD 80–27091 and GD 83–9116, Court of Common Pleas of Allegheny County, Pennsylvania. West View further alleges that Neville "spilled, leaked and/or discharged chemical pollutants on the surface of the ground it owns on Neville Island." *Id.* at ¶¶ 10. The disposal and spillage of chemical pollutants by Neville have allegedly contaminated and altered the ground water so as to render it "harmful to West View's beneficial use." *Id.* at ¶¶ 11.

Beginning in February of 1973, West View discovered that one of its wells was polluted by Neville and notified Neville of the contamination soon after. Further discoveries were made in January, 1975 and early 1980, and Neville was duly notified of the contamination. West View charges that until 1979, Neville continued to cause further contamination and continued disposing of harmful wastes in the same manner, despite notice of the harm that it caused. The first complaint in state court sets forth three counts of nuisance, i.e., negligent, reckless or intentional conduct resulting from an abnormally dangerous activity. The second complaint was filed after West View discovered contamination of wells other than those set forth in Complaint I and it alleges negligent and intentional nuisance.

American Mutual defended Neville pursuant to a reservation of rights and filed a motion for partial summary judgment, which was granted by the Court of Common Pleas of Allegheny County, which ruled that all claims against Neville prior to or on October 30, 1978 were barred by the statute of limitations. Within one month of that ruling, American Mutual in-

formed defendant that it was withdrawing from Neville's defense because coverage had expired on January 1, 1977. Defendant alleges in its amended counterclaim that plaintiff's withdrawal was contrary to the terms of the policy and in bad faith.

## Discussion

"The obligation to defend is determined solely by the allegations of the complaint in the action." *Pacific Indemnity v. Linn*, 766 F.2d 754, 760 (3d Cir.1985). "Under Pennsylvania law, an insurance company is obligated to defend an insured whenever the complaint filed by the injured party may potentially come within the policy's coverage." *Pacific Indemnity, supra*, at 760. However, the insurer is obligated to defend its insured only "until it can confine the possibility of recovery to claims outside the coverage of the policy." *Commercial Union Insurance v. Pittsburgh Corning Corporation*, 789 F.2d 214, 218 (3d Cir. 1986). "[T]he insurer is ... entitled to withdraw when a claim clearly within the policy coverage is withdrawn and one outside the policy coverage remains." *Id.* at 218.

We turn to the allegations of the complaint which are not barred by the statute of limitation. The ultimate issue of plaintiff's duty to defend turns on whether any of the claims are potentially within the policy's coverage.

American Mutual argues that the alleged discharge of hazardous waste material was expected or intended, not "sudden and accidental" and therefore the claims are within the pollution exclusion of the policy. The policy provides that coverage shall not apply:

(f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials, or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such dis-

charge, dispersal, release or escape is sudden and accidental;

Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment at 16.

The pollution exclusion is commonly found in liability insurance policies and the reason is clear: "It eliminates coverage for damages arising out of pollution or contamination, where such damages appear to be expected or intended on the part of the insured and hence are excluded by definition of 'occurrence.'" *American States Insurance Company v. Maryland Casualty Company*, 587 F.Supp. 1549, 1553 (E.D. Mich.1984).

Plaintiff asserts that Neville was aware of the pollution problem for over 20 years and did nothing to remedy the situation. Thus, American Mutual argues, the damages did not arise from an "occurrence" as defined by the policy. Occurrence is defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected not intended from the standpoint of the insured." Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment at 22.

The allegations in the state court actions do not suggest that Neville intentionally contaminated the groundwater; however, whether Neville expected the pollution to result as a consequence of its conduct is a question that does arise from the complaints. When the pollution exclusion and definition of "occurrence" are read together, it is clear that if the contamination was "expected" by Neville, the resulting damages are not covered by the policy with American Mutual.

"For the purposes of an exclusionary clause in an insurance policy, the word 'expected' denotes that the actor knew or should have known that there was a substantial probability that certain consequences will result from his actions. If the insured knew or should have known that there was a substantial probability that certain results would follow his acts or omissions then there has not been an occurrence or accident as defined in this type of policy when such results actually come to pass." *City of Carter Lake v. Aetna Casualty and Surety Company*, 604 F.2d 1052 (8th Cir.1979). In *City of Carter Lake*, the city was sued for damages when sewage backed into the home of a resident on several occasions, due to a faulty pump that the city had failed to repair. The court ruled that the insurer was liable only for the first mishap. "[O]nce the city was alerted to the problem, its cause and the likelihood of reoccurrence, it could not ignore the problem and then look to Aetna to reimburse it for the liability incurred by reason of such inaction." *City of Carter Lake, infra*, at 1059.

In 1971, the Commonwealth of Pennsylvania filed a complaint in equity against Neville wherein it stated that the lagoon "constitutes an imminent danger of pollution to the waters of the Commonwealth in that the lagoon is not impermeable because it is located in and constructed of, highly porous gravel, sand and clay; therefore, the industrial wastes deposited therein infiltrate its bottoms and sides and are discharged into the ground water and thereafter, into the Ohio River." Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment at 12. Thus, Neville had notice that its lagoon and method of disposing of dangerous chemicals was in violation of § 402 of the Clean Streams Law. 35 P.S. § 691.1 *et seq.* (Act of June 22, 1937, P.L.1987, as amended) and the Rules and Regulations thereunder.

In the state court complaints, West View specifically alleges that Neville maintained a continuous nuisance: "Neville Chemical used the lagoon for disposal of chemical pollutants continually from sometime prior to 1964 to 1979." *The Municipal Authority of the Borough of West View v. Neville Chemical Company*, Complaints at ¶¶ 9, Nos. GD 80–27091 and GD 83–9116, Court of Common Pleas of Allegheny County, Pennsylvania. Furthermore, West View alleges that each time it discovered another contaminated well, West View or the Department of Environmental Resources notified Neville "contemporaneous with the dis-

covery of such contamination." *Id.* at ¶¶ 15. Despite this notice, the complaint states "Neville Chemical has continued to fail to prevent spills, leaks and/or discharges of chemical pollutants on its land on Neville Island until the present, and continued to dispose of chemical pollutants in its permeable lagoon until 1979." *Id.* at ¶¶ 20.

In *American States Insurance Company, supra,* the district court was faced with allegations similar to those presented here. The court held that where the allegations suggest that the release of pollutants was continuous and not sudden or accidental in any way, they "do not even arguably state an 'occurrence' which would require the insurers to defend and/or indemnify ..." 587 F.Supp. at 1553–1554.

In *Techalloy Company v. Reliance Insurance Company,* 338 Pa.Super. 1, 487 A.2d 820 (1984), the complaint alleged contamination on a regular basis over a period of 25 years, by a steel company which had allegedly disposed of toxic chemicals in a reckless manner. The insurance policy included an identically worded pollution exclusion as here. The Pennsylvania Superior Court held that "[t]he allegations disclosing the circumstances and nature of the chemical discharge explicitly negate any potential for finding a sudden event in order to render the exclusion inapplicable." 487 A.2d at 827–828.

### Conclusion

We hold that the allegations of West View's complaints in state court set forth claims for recurrences, not occurrences. Neville had notice of the harm of its conduct and failed to take corrective measures to prevent further contamination of the ground water. Having failed to reduce the likelihood of incurring further damages, Neville allegedly engaged in continuous pollution of the groundwater as a regular course of business. The contamination of the water by disposing of chemicals in the lagoon, or by annual careless spillage onto the ground surface cannot be sudden, or unexpected and accidental, especially after Neville received a complaint from the Commonwealth of Pennsylvania in 1971. The Court of Common Pleas of Allegheny County, Pennsylvania has ruled that any damages prior to October 30, 1978 are barred by the statute of limitations. Any damages that resulted after that period are not the result of an occurrence within the policy definition and are excluded from coverage under the terms of the pollution exclusion, as well as by the definition of "occurrence."

We hold that there are no recoverable claims within the state court actions that fall within the coverage of any policy that are not barred by the statute of limitations. We hold that American Mutual has neither the duty to defend nor the duty to indemnify Neville in the suits by West View. Plaintiff is entitled to judgment as a matter of law on the issue of the duty to defend. Partial summary judgment will be entered for American Mutual.